**650**

STATE of Missouri, Respondent,

v.

KELLEY TRANSPORTATION CO.,
INC., Appellant.

No. 38747.

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 19, 1977.

Motion for Rehearing and/or Transfer
Denied Sept. 12, 1977.

Gerald H. Johnson, Downs, Johnson &
Gibson, Cape Girardeau, for appellant.

Bradshaw Smith, Pros. Atty., Cape Girardeau County, Cape Girardeau, for respondent.

ALDEN A. STOCKARD, Special Judge.

Kelley Transportation Co. has appealed from a judgment entered pursuant to jury verdict imposing fines totaling $6,300. for thirty-three separate violations of § 390.061 RSMo 1969, each violation being a misdemeanor. § 390.171, RSMo 1969.

In its parts pertinent to this appeal § 390.061 provides:

1. Except as otherwise provided in section 390.031, no person shall engage in the business of a contract carrier in intrastate commerce on any public highway in this state unless there is in force with respect to such carrier a permit issued by the commission authorizing such operations.

Section 390.031 in its parts here material provides:

The provisions of section 390.011 to 390.-176 shall not apply to:

    *    *    *    *    *    *

2. School buses.
3. Taxicabs.

The thirty-three counts in the information are identical except as to the date of the alleged offense and the description of the motor vehicle, and in their material parts are as follows:

"Now comes A. J. Seier, Prosecuting Attorney within and for the County of Cape Girardeau * * *. and does present, aver and charge that the said defendant, Kelley Transportation Co. Inc. on or * * * [the date] in the said County of Cape Girardeau * * * did then and there wilfully and unlawfully through its agent, servant and employee, drive and operate a motor vehicle, to-wit: [in 18 counts 'a 1972 Chevrolet School Bus,' and in 15 counts, 'a taxicab'] over and upon Missouri State High No. Interstate 55, a public highway of the State of Missouri, said motor vehicle being then and there engaged in the business of a contract carrier in intrastate commerce on said public highway without then and there having in force with respect to such carrier a permit by the Public Service Commission of the State of Missouri * * *."

Each and every count in the information affirmatively states that the motor vehicle operated by appellant in intrastate commerce was a motor vehicle to which § 390.061 does not apply. Therefore, each count fails to allege a violation of § 390.061.

The judgment is reversed.

SIMEONE, C. J. and NORWIN D. HOUSER, Special Judge, concur.